IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. AS | § | |
| TRUSTEE FOR OPTION ONE | § | |
| MORTGAGE LOAN TRUST 2007-FXD2 | § | |
| ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2007-FXD2, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-9-S-BN |
| | § | |
| CHARLES F. MALLOY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

Defendant Charles F. Malloy ("Malloy"), representing himself *pro se*, has filed Pre-Answer Alternative Motions Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (6), and (7), 12(e) and 19. *See* Dkt. No. 7. Plaintiff Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD2 Asset-Backed Certificates, Series 2007-FXD2 ("Wells Fargo") filed a response. *See* Dkt. No. 11. Malloy has not filed a reply, and the time to do so has passed.

The undersigned issues the following findings of fact, conclusions of law, and recommendation.

## Background

Malloy entered into a mortgage loan agreement on December 27, 2006, executing a Deed of Trust and a Note payable to Option One Mortgage Corporation ("Option One") to secure financing to purchase residential property located in Dallas County, Texas (the "Property"). *See* Dkt. No. 1 at 3, Dkt. No. 1-1 at 2-6 (Note), 8-15 (Deed of Trust) (collectively, the "Loan Agreement"). The Deed of Trust was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 16.

Option One assigned and transferred the Loan Agreement to Wells Fargo Bank. *See* Dkt. No. 1 at 3; Dkt. No. 1-1 at 18-19 (Assignment of Deed of Trust/Transfer of Lien). The assignment was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 18.

Wells Fargo Bank assigned and transferred the Loan Agreement to Plaintiff Wells Fargo. *See* Dkt. No. 1 at 3; Dkt. No. 1-1 at 21-22 (Corporate Assignment of Deed of Trust). The assignment is recorded in the Official Public Records of Dallas County, Texas. *See id.* at 22.

Malloy has been in default on his mortgage payments since April 1, 2015. *See* Dkt. No. 1 at 3. A notice of default and intent to accelerate was sent to Malloy on December 3, 2018. *See id.* Malloy failed to cure the default.

Wells Fargo filed a mortgage foreclosure lawsuit in this Court on January 3, 2019. *See id.* Wells Fargo attached the Note, Deed of Trust, and assignments as exhibits to its Complaint.

Malloy then filed his pre-answer alternative motions asserting that Wells Fargo's complaint must be dismissed for lack of subject matter jurisdiction and failure to state a claim based on the following arguments: Dallas County state court has exclusive jurisdiction; not all essential parties are joined; there is not diversity of citizenship; Wells Fargo lacks standing to bring suit; the assignments of the loan are void; the loan was satisfied and/or rescinded; and the Complaint is vague and ambiguous. *See* Dkt. No. 7.

The Court should deny Malloy's Pre-Answer Alternative Motions.

## Legal Standards

I.    Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.

1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming*, 281 F.3d at 161 (citations omitted).

The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to

-4-

the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

But, on a factual attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is

not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

II.    Federal Rule of Civil Procedure 12(b)(2)

When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the nonresident. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). If the court decides the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

The due process component of personal jurisdiction requires two elements: (1) the nonresident must have some minimum contact with the forum such that the he or she could anticipate being haled into the courts of the forum state, and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *See*

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). The Due Process Clause ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (internal quotation marks omitted). Personal jurisdiction must be assessed on an individual-defendant basis. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

First, to establish minimum contacts with the forum, a non-resident defendant must do some act by which he "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (internal quotation marks omitted). But the unilateral activity of one asserting a relationship with the non-resident defendant does not satisfy this requirement. *See id.* at 474; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Second, in determining whether the exercise of jurisdiction is appropriate, the United States Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's purposeful contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992). Thus, "[i]n determining whether or not exercise of jurisdiction is fair and reasonable, defendants bear the burden of proof and 'it is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown.'" *McFadin*, 587 F.3d

at 759-60 (quoting *Wien Air Alaska, Inc., v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

Five factors guide a court's analysis of whether exercising personal jurisdiction is fair and reasonable: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

Two types of personal jurisdiction may be exercised over a non-resident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the forum state and those contacts meet the due process standard. *See J.R. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 1122 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with

persons who reside there." *Id.* (citations omitted). Specific jurisdiction is a "claim-specific inquiry," so a plaintiff must establish specific jurisdiction for each claim asserted. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 41-16. The Supreme Court has observed that the proper consideration when determining general jurisdiction is "whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); alteration in original). The Supreme Court held that, as to a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are thus paradigm bases for jurisdiction. *Id.* at 760. "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs.*, 768 F.3d at 432 (citations omitted). A nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999); *see also Johnston*, 523 F.3d at 614 (general jurisdiction not conferred simply by advertising within a state or traveling to the state at regular

intervals).

Under both specific and general jurisdiction analyses, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *See Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992).

III.   Federal Rule of Civil Procedure 12(b)(6)

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

-10-

U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to

relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in

the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

IV.    Federal Rules of Civil Procedure 12(b)(7) and 19

Rule 12(b)(7) allows for dismissal of a case for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at

issue. *See* FED. R. CIV. P. 19(a); *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder.") (citations omitted). It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined. *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (citing FED. R. CIV. P. 19(b); *Pulitzer-Polster*, 784 F.2d at 1308).

The Rule 12(b)(7) analysis first requires a determination of whether a person should be joined in the lawsuit under Rule 19(a). *See id.* at 439. If joinder is warranted, then the person will be brought into the lawsuit. *See id.* But, if joinder would destroy the court's jurisdiction, the Court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. *See id.* (citing *Pulitzer-Polster*, 784 F.2d at 1308; 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359, at 425 (2d ed. 1990)). Factors to be considered under Rule 19(b) include "1) prejudice to an absent party or others in the lawsuit from a judgment; 2) whether the shaping of relief can lessen prejudice to absent parties; 3) whether adequate relief can be given without participation of the party; and 4) whether the plaintiff has another effective forum if the suit is dismissed." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) (citing FED. R. CIV. P. 19(b)); see also 5A Wright & Miller, Federal Practice & Procedure § 1359, at 426 ("The burden is on the

moving party to show the nature of the unprotected interests of the absent parties."); *Johnston v. Capital Accumulation Plan of Chubb Corp.*, No. 3:98-cv-2296-D, 1998 WL 907002, at *4 (N.D. Tex. Dec. 17, 1998) ("The '[joinder] decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." (alteration in original and citation omitted)).

Rule 19 "does not require the joinder of joint tortfeasors." *Nottingham v. Gen. Am. Comm'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (citations omitted). "Nor does it require joinder of principal and agent." *Id.* (citing *Milligan v. Anderson*, 522 F.2d 1202, 1204-05 (10th Cir. 1975); 7 Wright & Miller, Federal Practice and Procedure § 1623). "Finally, Rule 19 does not require joinder of persons against whom [the defendants] have a claim for contribution." *Id.* (citing *Dunlop v. Beloit Coll.*, 411 F. Supp. 398, 403 (W.D. Wis. 1976); 7 Wright & Miller, Federal Practice and Procedure § 1623).

"In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept the complaint allegations as true." *Abbott v. BP Expl. & Prod. Inc.*, 781 F. Supp. 2d 453, 460 (S.D. Tex. 2011) (quoting *United States v. Rutherford Oil Corp.*, No. G-08-0231, 2009 WL 1351794, at *2 (S.D. Tex. May 13, 2009) (citations omitted)). The burden of proof remains on the moving defendant to demonstrate "that an absent party is indispensable and that the action should be dismissed." *SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 199 F.R.D. 209,

211 (S.D. Tex. 2001) (citing *Nottingham*, 811 F.2d at 880). Nevertheless, "when an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer-Polster*, 784 F.2d at 1309 (citing *Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972)).

V.    Federal Rule of Civil Procedure 12(e)

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response," and "[t]he motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). "A motion for a more definite statement under Rule 12(e) is available where the pleading 'is so vague or ambiguous that the party cannot reasonably prepare a response.'" *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013) (quoting FED. R. CIV. P. 12(e)). "Motions for a more definite statement are generally disfavored." *Johnson v. BAE Sys. Land & Armaments, L.P.*, No. 3:12-cv-1790-D, 2012 WL 5903780, at *4 (N.D. Tex. Nov. 26, 2012) (internal quotation marks omitted). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede [its] ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.* (internal quotation marks omitted).

-16-

## Analysis

I.    <u>Objections to Malloy's evidence should be sustained.</u>

Malloy attached three exhibits to his pre-answer alternative motions: Special Warranty Deed with Vendor's Lien dated December 28, 2006 in which Alex Elder conveyed the Property to Malloy, *see* Dkt. No. 7-1; May 19, 2017 weblog titled "REMIC Trusts: VOID means VOID—Not Voidable," which Malloy characterizes as "Expert(s) Statement of Trust Law, *see* Dkt. No. 7-2; and December 12, 2012 printout titled "Mortgage-backed Trusts Using Mortgage Assignments from DocX, LLC," which Malloy characterizes as "Expert(s) Statement on DocX Wells Fargo Forgery & Fraud," *see* Dkt. No. 7-3.

Wells Fargo asserts that this evidence is outside the pleadings for purposes of a motion to dismiss and objects to the internet articles and printout because they are not referenced in or central to the allegations in the Complaint, relevant, objectively verifiable, or properly authenticated and because they are harassing to Wells Fargo. *See* FED. R. EVID. 802, 901. The undersigned agrees and will not consider this evidence.

II.    The Court should deny the motion to dismiss for lack of subject matter jurisdiction.

Malloy asserts that the Court lacks subject matter jurisdiction because Wells Fargo did not establish complete diversity of citizenship. *See* Dkt. No. 7 at ¶ 1(e).

"Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000." *Bynane v. Bank of New York Mellon for CWMBS, Incorporated Asset-Backed*

*Certificates Series 2006-24*, 866 F.3d 351, 355 (5th Cir. 2017). "'[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Id.* at 355-56 (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (alteration in original) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam))).

In its Complaint, Wells Fargo alleges that this Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Wells Fargo and Malloy and the amount in controversy exceeds $75,000. *See* Dkt. No. 1. at ¶3. Wells Fargo further alleges:

> Wells Fargo Bank, N.A., is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980)*; see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship – not the citizenship of the beneficiaries of the trust – controls for purposes of diversity jurisdiction. *Navarro,* 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 577 U.S. ___, 136 S. Ct. 1012, 1016, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 464-66). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. [Wells Fargo] is a national banking association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's main office is in California, making it a citizen of California for diversity purposes. Thus, Plaintiff is a citizen of California, and not other state, for purposes of diversity jurisdiction.

*Id.* at ¶ 4.

Malloy contends that Wells Fargo fails to show that complete diversity exists and argues that it is the citizenship of the trust beneficiaries, and not solely Wells Fargo as trustee, that controls for diversity purposes. For support, Malloy cites to the Third Circuit case of *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F3d. 192, 203 (3d Cir. 2007) (abrogated in light of *Americold* by *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 32 (3d Cir. 2018)). In *Emerald Investors*, the Third Circuit held that, in a case in which the plaintiff is a trust, the citizenship of the trust beneficiaries must be considered in determining whether complete diversity exists. It also o explained that *Navarro* is not implicated because it dealt with a situation in which the trustees brought the action in their own names, a situation different from that here in which the trust is the plaintiff." *Id.*

The Fifth Circuit recently addressed the issue of whether the citizenship of the trustee or the trust beneficiaries controls for diversity purposes in a foreclosure suit brought by a trustee of real estate securitization trusts in light of *Navarro* and *Americold*:

> In *Justice v. Wells Fargo Bank National Association*, 674 F. App'x 330 (5th Cir. 2016) (per curiam), an unpublished opinion, we addressed a similar question involving a trustee of a mortgage securitization trust and held that, for the purpose of determining diversity jurisdiction, the citizenship of the trustee is what matters. *See id.* Put another way*, Justice* held that the *Navarro* rule still controls when the trustee sues or is sued in it own name.

*Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 357 (5th Cir. 2017). The Fifth Circuit in *Bynane* confirmed that

-19-

the trustee had "real and substantial" control over the trust pursuant to the applicable pooling and servicing agreement. *See id.* ("For example, under the Pooling and Servicing Agreement (PSA) for the trust, 'all right, title, and interest in and to the Initial Mortgage Loans' were transferred" to the trustee.).

Here, Wells Fargo Bank, N.A. is the trustee and has real and substantial control over the trust assets, including Malloy's mortgage loan. *See* Dkt. No. 12-1 (Pooling and Service Agreement ("PSA") governing the relation ship between Wells Fargo Bank, N.A., as trustee, and the trust). The PSA provides that "all right, title and interest" of the mortgage loans that were transferred to Wells Fargo Bank, N.A. *See id.* at 29.

Because Wells Fargo has filed suit in its capacity as trustee, it is its citizenship as a trustee, not the citizenship of the beneficiaries of the trust, that controls for diversity jurisdiction purposes. And, because Wells Fargo is a national banking association that is chartered and has its main office in California, Wells Fargo is a citizen of California for diversity purposes. And, where Malloy is undisputedly a Texas citizen, Wells Fargo has established complete diversity as section 1332 requires.

Finally, Wells Fargo has adequately alleged – and Malloy has not challenged – that the amount in controversy requirement has been met.

Accordingly, the Court has subject matter jurisdiction under 28 U.S.C. § 1332 and should deny Malloy's motion to dismiss for lack of subject matter jurisdiction.

II.    <u>The Court should deny the motion to dismiss for lack of personal jurisdiction.</u>

Malloy moves to dismiss for lack of personal jurisdiction based on his contention

that "this is a matter pertaining to the title to land and the state district court in Dallas County, Texas, has exclusive jurisdiction over such matters." Dkt. No. 7 at ¶ 1(a). Contrary to Malloy's argument, federal courts may hear actions for foreclosure under Section 1332 so long as there is complete diversity and the requisite amount in controversy. *See* 28 U.S.C. § 1332; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013). Malloy does not dispute that the amount in controversy exceeds $75,000, and complete diversity exists.

Accordingly, the Court may exercise personal jurisdiction over Malloy, a Texas resident, in this mortgage foreclosure case and should deny Malloy's motion to dismiss for lack of personal jurisdiction.

III.   The Court should deny the motions to dismiss for failure to join required parties.

Malloy moves to dismiss based on his contention that "there are numerous other relevant and necessary parties, including the putative vendor/grantor in the putative (albeit defective/void) deed (Mr. Alex Elder) through which Plaintiff claims any rights to assert the claims made the basis of this lawsuit." Dkt. No. 7 at ¶ 1(b).

Rule 19 provides, in relevant part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if ..., in that person's absence, the court cannot accord complete relief among existing parties," or "that person claims an interest relating to the subject matter of the action." FED. R. CIV. P. 19(a)(1)(A), (B). And Rule 12(b)(7) provides for dismissal for failure to join a party under rule 19. *See* FED. R. CIV. P. 12(b)(7).

-21-

Wells Fargo is the only party seeking affirmative relief in this action. Wells Fargo, as the mortgagee of the Loan Agreement, brought a single cause of action for judicial foreclosure against Malloy, the sole borrower and title owner to the Property. *See* Dkt. No. 1 at ¶¶ 8-10, 17-20. To foreclose under a security instrument in Texas with a power of sale, Wells Fargo need only show that: (1) a debt exists; (2) the debt is secured by a lien; (3) Malloy is in default under the note and security instrument; and (4) Malloy received notice of default and acceleration. *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at \*7 (N.D. Tex. April 20, 2016).

Malloy appears to take issue with the Special Warranty Deed in which Mr. Elder grants Malloy title to the Property, but that does not make Mr. Elder an essential party. A former owner of real party is not a necessary party to a mortgage foreclosure claim. *See* FED. R. CIV. P. 19(a)(1)(A). And Malloy does not assert that Mr. Elder is claiming an interest in the Loan Agreement or the Property. *See id.* at 19(a)(1)(B). Thus, any issues Malloy may have with Mr. Elder or the Special Warranty Deed are unrelated to Wells Fargo's mortgage foreclosure lawsuit.

Accordingly, the Court should deny the motion to dismiss for failure to join required parties.

IV.    The Court should deny the motion to dismiss for failure to state a claim and motion for a more definite statement.

Malloy moves to dismiss Wells' Fargo's Complaint for failure to state a claim on which relief can be granted under Rule 12(b)(6). He argues that Wells Fargo has failed to plead sufficient facts to show that it has standing as the mortgagee, that the

assignments of the loan documents are valid, and that the loan is not in default because he rescinded it or it has otherwise been paid. *See* Dkt. No. 7 at ¶ 3 (incorporating ¶ 1 by reference); *see also id.* at ¶¶ 8, 9. In the alternative, Malloy argues that Wells Fargo's Complaint is so vague or ambiguous that he cannot reasonably be expected to respond and moves under Rule 12(e) for a more definite statement of Wells Fargo's mortgage foreclosure claim. *See* Dkt. No. 7 at ¶ 5.

Although Malloy's Pre-Answer Alternative Motions include a lengthy section of "additional supporting facts," *see* Dkt. No. 7 at 11-20, the undersigned will only consider the facts stated in Wells Fargo's Complaint and the documents attached to the Complaint for purposes of determining the Rule 12(b)(6) motion.

A.   Wells Fargo has stated sufficient facts to support its claim that it has standing to foreclose as the mortgagee.

Malloy argues that Wells Fargo does not have authority to foreclose because the signatures on both assignments are forgeries. *See* Dkt. No. 7 at ¶ 1(c), d). But Malloy cannot challenge the validity of the assignments because he is not a party to them. *See Washington v. JP Morgan Chase Bank, N.A.*, No. 3:18-cv-1870-K-BN, 2019 WL 587289, at *5 (N.D. Tex. Jan. 18, 2019).

Generally, a "plaintiff ... must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Texas case law includes an exception to this rule for mortgagors who challenge an assignment on grounds that would render it void ab initio. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). But

-23-

there is no exception for challenges that would render an assignment voidable at the election of one of the parties. *See id.*

An argument "based on the signer's lack of authority only renders the assignment voidable, and therefore does not convey standing to challenge the assignment." *Johnson–Williams v. CitiMortgage, Inc.*, 3:14-cv-3927-M-BH, 2015 WL 4997811, at *7 (N.D. Tex. Aug. 19, 2015) (citing *Reinagel*, 735 F.3d at 226 ("lack of authority, even accepted as true, does not furnish [a plaintiff] with a basis to challenge [an] assignment.")); *see also Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 688-89 (S.D. Tex. 2014) (finding plaintiff's challenge of the assignment based on the signer's lack of authority would render the assignment voidable and did not furnish plaintiff with a basis to challenge the assignment); *Howard v. J.P. Morgan Chase NA,* No. SA-12-cv-00400-DAE, 2013 WL 1694659, at *8 (W.D. Tex. Apr. 18, 2013) (finding plaintiff's allegations that the signer lacked authority to sign on behalf of MERS would render the assignment voidable and therefore plaintiff lacked standing to challenge the assignment). Although these cases address situations in which plaintiffs challenge the validity of assignments, the same principle holds true here.

Wells Fargo pleads that it is the current holder of the Note and Deed of Trust. *See* Dkt. No. 1 at ¶¶ 8-11. It states that the original deed of trust was assigned to Wells Fargo Bank, which transferred the deed of trust to Plaintiff Wells Fargo. *See id.* Wells Fargo also attaches copies of both assignments to its Complaint. *See* Dkt. No. 1-1 at 18-9, 21-22. Malloy's arguments that the signatures on the assignments are forgeries do not

support a claim that the assignments are void.

Malloy also argues that Wells Fargo does not have standing to foreclose because the loan transferred to the Trust for which Wells Fargo serves as trustee after the trust closed. *See* Dkt. No. 7 at ¶ 1(j). That argument likewise fails because "the Fifth Circuit has held that mortgage assignment which violates a mortgage trust agreement is neither voidable nor void." *Marshall v. Deutsche Bank,* Civil No. SA-15-CA-496-XR, 2016 WL 11395038, at *2 (W.D. Tex. April 20, 2016) (citing *Reinagel*, 735 F.3d at 228).

Accordingly, taking Wells Fargo's allegations as true, and as supported by the documents attached to the Complaint, Wells Fargo has pleaded sufficient facts to support its claim that it has standing to foreclose.

      B.      Wells Fargo has pleaded sufficient facts to show that the loan agreement <u>is currently in default.</u>

Malloy argues that Wells Fargo has failed to state a mortgage foreclosure claim because he rescinded the loan and mortgage default insurance has satisfied the debt. *See* Dkt. No. 7 at ¶¶ 1(g), (i).

Malloy asserts that, "as a precautionary measure," he rescinded the note more than 90 days before Wells Fargo filed this lawsuit. *See id.* at ¶ 1(i). He does not allege under what authority he did so.

The Truth in Lending Act expressly provides that the right of rescission does not apply to residential mortgage transactions. *See* 15 U.S.C. § 1635(e)(1); *Gipson v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-cv-4820-L, 2015 WL 2069583, at *10 (N. D. Tex. May 4, 2015). A residential mortgage transaction is "a transaction in which a mortgage

[or] deed of trust ... is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w); *Gipson*, 2015 WL 2069583, at *10. Because Malloy's mortgage is a residential mortgage, his alleged "precautionary" rescission of the note does not preclude Wells Fargo from foreclosing.

Malloy also makes a general assertion that the debt, in whole or at least in part, has been paid by an unnamed third-party insurer. But such a bare assertion does not support a Rule 12(b)(6) dismissal.

Here, Wells Fargo pleaded that

Malloy has failed to make payments on the Note and has failed to comply with any and all of the covenants and conditions of the Deed of Trust. The Loan Agreement is due for the April 1, 2015 and each subsequent monthly payment. Notice of default and intent to accelerate was sent to Malloy in accordance with section 51.002(d) of the Texas Property Code on December 3, 2018.

Malloy failed to cure the default. The maturity date of the Note is hereby accelerated, thus making all unpaid principal and accrued interest due and payable.

Dkt. No. 1 at ¶¶ 14, 15.

Wells Fargo has pleaded sufficient facts to support its allegation that the Note is in default.

    C.    <u>Wells Fargo may file a suit in Texas to foreclose the mortgage.</u>

Malloy argues that Wells Fargo, as a foreign entity, lacks standing to file suit in Texas. *See* Dkt. No. 7 at ¶ 1(h).

The Texas Business Organizations Code provides that a foreign entity not registered in Texas generally may not file suit, but makes exception for: (1) the holder

in due course of a negotiable instrument, or (2) the bona fide purchaser for value of a security or other negotiable instrument. *See* TEX. BUS. ORGS. CODE § 9.051(b)(1), (2). "[A] foreign corporate entity seeking to enforce its right to foreclose on real property securing a debt is not prevented from filing suit in Texas for this purpose." *U.S. Bank Nat'l Ass'n v. Davis*, No. A-13-CV-1090-LY-ML, 2015 WL 3443473, at *8 (W.D. Tex. May 28, 2015) (citing *Bierwirth v. Fannie Mae*, No. 03-13-76-CV, 2014 WL 902541, at *1 (Tex. App. – Austin Mar. 6, 2014, no pet.)).

Wells Fargo was authorized to file this mortgage foreclosure suit in Texas as a matter of law.

C.    Wells Fargo's Complaint contains sufficient facts to state a claim.

Wells Fargo stated sufficient facts to support its sole claim for foreclosure. *See Singleton*, 2016 WL 1611378, at *7 (stating elements of foreclosure claim, as discussed above).

Wells Fargo pleaded the date, time, and amount of the debt when created and attached the Note evidencing the debt to the Complaint. Wells Fargo pleaded facts showing the date and time the lien was created and the description of the property to which the lien attached, and Wells Fargo attached the Deed of Trust creating the lien to the Complaint. Wells Fargo pleaded facts regarding the current default. And it pleaded the date and address to which the notice of default was sent. *See* Dkt. No. 1.

Wells Fargo's Complaint contains specific and well-pleaded facts, which are sufficient to defeat dismissal under Rule 12(b)(6), and the Court should deny the motion

to dismiss for failure to state a claim.

And Wells Fargo's Complaint is also not so vague that Malloy cannot respond, for essentially the reasons explained above, and the Court should deny the motion for more definite statement.

## Recommendation

The Court should deny Defendant Charles Foster Malloy's Pre-Answer Alternative Motions Pursuant to FRCP Rules 12(b)(1), (2), (6), (7), rule 12(e), and Rule 19 [Dkt. No. 7].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 23, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE