IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-FXD2 ASSET-BACKED CERTIFICATES, SERIES 2007-FXD2, | § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-9-S-BN |
| CHARLES F. MALLOY, | § § | |
| Defendant. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 4.

Plaintiff Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-FXD2 Asset-Backed Certificates, Series 2007-FXD2 ("Wells Fargo") filed a motion for summary judgment on January 31, 2020. *See* Dkt. No. 38. Defendant Charles F. Malloy has not filed a response and, after multiple extensions of time, the time to do so has passed.

For the following reasons, the undersigned recommends the Court grant the motion for summary judgment.

**Background**

Malloy entered into a mortgage loan agreement on December 27, 2006, executing a Note payable to Option One Mortgage Corporation ("Option One") and a Deed of Trust to secure financing to purchase residential property located at 8123 San Cristobal Drive in Dallas County, Texas (the "Property"). *See* Dkt. No. 40-1 at 10-14 (Note), 16-33 (Deed of Trust) (collectively, the "Loan Agreement"). The Deed of Trust was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 33.

Option One assigned and transferred the Deed of Trust to Wells Fargo Bank. *See id.* at 35-36 (Assignment of Deed of Trust/Transfer of Lien). The assignment was recorded in the Official Public Records of Dallas County, Texas. *See id.* at 36.

Wells Fargo Bank assigned and transferred the Deed of Trust to Plaintiff Wells Fargo. *See id.* at 38-39 (Corporate Assignment of Deed of Trust). The assignment is recorded in the Official Public Records of Dallas County, Texas. *See id.* at 39.

Malloy has been in default on his mortgage payments since April 1, 2015. *See id.* at 5 ¶12. Wells Fargo, through its prior mortgage servicer, sent Malloy a Notice of Default on June 8, 2015. *See id.* Dkt. No. 40-1 at 43-47. Malloy did not cure the default.

Wells Fargo, through its prior mortgage servicer, sent Malloy Notices of Acceleration on April 7, 2016, June 21, 2016, July 29, 2016, and December 9, 2016. *See id.* at 50-61.

On January 3, 2017, Malloy filed suit in state court seeking a temporary restraining order and temporary injunction prohibiting Wells Fargo from foreclosing

on the Property. *See id.* at 63-78. The case was dismissed for want of prosecution. *See id.* at 80.

On October 3, 2017, Malloy filed another suit in state court seeking a temporary restraining order and temporary injunction prohibiting Wells Fargo from foreclosing on the Property. *See id.* at 82-148. The case was dismissed for want of prosecution. *See id.* at 150.

On July 18, 2018, Wells Fargo, through its counsel, sent Malloy a Notice of Rescission of Acceleration of Loan Maturity. *See id.* at 153-58.

On December 3, 2018, Wells Fargo, through its counsel, sent Malloy a Notice of Default and Intent to Accelerate. *See id.* at 160-64. Malloy failed to cure the default.

Wells Fargo filed this judicial foreclosure lawsuit on January 3, 2019 to enforce its security interest in the Property. *See* Dkt. No. 1. Wells Fargo alleges Malloy breached the terms of the Loan Agreement by failing to make payments on the Note on April 1, 2015 and each subsequent month; Wells Fargo sent Malloy notice of default and intent to accelerate in accordance with Texas Property Code § 51.002(d) on December 3, 2018; Malloy failed to cure the breach; and the maturity date of the Note was accelerated by the filing of the lawsuit, making all unpaid principal and accrued interest due and payable. *See id.* at 4.

Wells Fargo seeks a declaration that the Deed of Trust on the Property secures the outstanding balance of the Note, prejudgment interest, post-judgment interest from the date of the judgment until paid, and costs of court. *See id.* at 5. It also seeks a declaration that Wells Fargo's lien against the Property shall be enforced by a

judgment and foreclosure under the Deed of Trust's power-of-sale provision or, alternatively, by judicial foreclosure. And it seeks actual damages, attorneys' fees and costs of court. *See id*.

Wells Fargo now moves for summary judgment on three grounds: it is entitled to foreclose because all the elements for judicial foreclosure have been met; as the holder of the Note and the beneficiary of the Security Instrument, it is entitled to foreclose under the Loan Agreement; and its foreclosure claim is not barred by the statute of limitations. *See* Dkt. Nos 38, 39.

The undersigned now determines that the Court should grant the motion for summary judgment.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of

-4-

a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and

designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials –  including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable

jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or

defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.    <u>Wells Fargo has met all requirements for judicial foreclosure.</u>

Wells Fargo seeks summary judgment on its sole claim for judicial foreclosure. It generally argues that judicial foreclosure is proper because Malloy defaulted on the Loan and Wells Fargo complied with the prerequisites for a judgment authorizing judicial foreclosure.

Texas courts require a party pursuing judicial foreclosure to demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notices of default and acceleration. *See Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, 3:18-CV-1197-S, 2018 WL 7150247, at *4 (N.D. Tex. Dec. 14, 2018). A lender is only entitled to judicial foreclosure if it can

affirmatively demonstrate that the borrower is in default. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013).

The undisputed summary judgment evidence demonstrates that Wells Fargo has met these requirements. Wells Fargo has established a debt exists under the Note and Deed of Trust. Both documents demonstrate that Malloy promised to repay the lender $322,905, plus interest. *See* Dkt. No. 40-1 at 11, 18.

Further, Wells Fargo has shown that the debt is secured by a lien created under **Article 16, § 50(a)(6) of the Texas Constitution**. The Note creates a first lien mortgage on the Property and authorizes the lender to demand payment of the entire loan upon a default. *See id*. at 11-14.

The summary judgment evidence further shows, and Malloy does not contest, that Malloy is in default. Cynthia Wallace, Second Assistant Vice President for Wells Fargo's loan servicer, declared "[t]here is currently due and owing a balance of at least $529,879.18 on the Loan. This figure includes, but is not limited to, a principal balance of $385,334.42, interest in the amount of $71,806.30, and escrow advances in the amount of $53,799.74." Dkt. No. 40-1 at 7 ¶ 19. Her declaration is dated January 21, 2020 and is supported by a payoff statement through December 31, 2019. *See id*. at 166-69.

And on December 3, 2018, Wells Fargo sent Malloy a Notice of Default and Intent to Accelerate. It sent the notice by certified mail to Malloy at the Property's address, Malloy's last known address, and his attorney's address. *See id*. at 160-64. Service of the notice was complete when the notice was deposited in the United States

mail, postage prepaid and addressed to the debtor at the debtor's last known address. *See* TEX. PROP. CODE § 51.002(e); Dkt. No. 40-1 at 6 ¶ 17, 160-64.

Wells Fargo accelerated the balance due on the Note by filing this lawsuit. *See Wilmington Trust, N.A. v. Rob*, 891 F.3d 174, 176-77 (5th Cir. 2018 (citing *Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action.")); *see also* Dkt. No. 40-1 ¶ 18 ("Wells Fargo, through its counsel, filed this action on January 3, 2019 in order to accelerate the balance of the Note.").

II.   <u>Wells Fargo is a mortgagee with authority to foreclose on the Property.</u>

Wells Fargo asserts that it is a "mortgagee" under Texas Property Code § 51.0001(4) and therefore has the right to foreclose on the Property. Under § 51.0001(4), a mortgagee can be (1) "the grantee, beneficiary, owner, or holder of a [deed of trust]," or (2) "if the [deed of trust] has been assigned of record, the last person to whom the [deed of trust] has been assigned of record." TEX. PROP. CODE § 51.0001(4), (6); *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 223 (5th Cir. 2013).

Wells Fargo is the beneficiary of the Deed of Trust because the Note includes an allonge requiring Note payments be made to Wells Fargo. *See* Dkt. No. 40-1 at 10.

Wells Fargo is also the last entity to whom the Deed of Trust was assigned of record. The original holder of **the Deed of Trust assigned and transferred the Deed of Trust to Wells Fargo Bank.** *See* Dkt. No. 1 at 3; Dkt. No. 1-1 at 18-19 (Assignment of Deed of Trust/Transfer of Lien). And Wells Fargo Bank assigned and transferred the Deed of Trust to Plaintiff Wells Fargo. *See* Dkt. No. 1 at 3; Dkt. No. 1-1 at 21-22

-11-

(Corporate Assignment of Deed of Trust). As the last assignee, Wells Fargo is a mortgagee with authority to foreclose on the Property.

III.    <u>Wells Fargo's claim is not barred by the statute of limitations.</u>

Under Texas law, an action for foreclosure of a real property lien must be brought within four years of when the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.035(a). After the four-year limitations period expires, the real property lien becomes void and thus may no longer be foreclosed upon. *See id.* § 16.035(d). Where, as here, the note secured by the real property lien is payable in installments, "the four-year limitations period does not begin to run until the maturity date of the last ... installment." *Id.* § 16.035(e). But, if the note contains an option to accelerate payment upon default, "'the action accrues ... when the holder actually exercises its option to accelerate.'" *Alcala v. Deutsche Bank Nat'l Trust Co.*, 684 F. App'x 436, 438 (5th Cir. 2017) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

"Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross*, 44 S.W.3d at 566. Each notice must be "clear and unequivocal." *Id.*

On July 18, 2018, Wells Fargo rescinded the 2016 notices of acceleration. *See* Dkt. No. 40-1 at 153-58. A lender may abandon acceleration by sending the borrower written notice that acceleration has been rescinded. *See Jorie v. Bank of New York Mellon Trust Co., N.A.*, 740 F. App'x 436, 439 (5th Cir. 2017). Abandonment resets the

statute of limitations clock by restoring the contract to its original condition and "restoring the note's original maturity date." *Id*. (quotations omitted).

On December 3, 2018, Wells Fargo sent Malloy a Notice of Default and Intent to Accelerate. *See* Dkt. No. 40-1 at 160-64.

Wells Fargo accelerated the balance due on the Note by filing this lawsuit. *See Wilmington Trust, N.A.*, 891 F.3d at 176-77; *Smither*, 681 F. App'x at 352; *see also* Dkt. No. 40-1 ¶ 18. Accordingly, this lawsuit is not barred by the statute of limitations because the statute of limitations did not begin to run until January 3, 2019, the day the lawsuit was filed

IV.    <u>Wells Fargo is entitled to attorneys' fees.</u>

Wells Fargo asserts that it is entitled to attorneys' fees under the Note and Security Instrument and under Section 38.001(8) of the Texas Civil Practice and Remedies Code. And it requests the award of attorneys' fees be made not as a money judgment against Malloy but as a further obligation owed by Malloy under the Note. *See* Dkt. No. 1 at 5.

Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. *See In re Velazquez*, 660 F.3d 893, 895-96 (5th Cir. 2011). Both the Note and the Deed of Trust provide that Wells Fargo may recover its attorneys' fees, costs and expenses incurred in enforcing the Note. *See* Dkt. No. 40-1 at 12 ¶6(D), 21 ¶ 21.

Because Malloy breached the terms of the Note and Wells Fargo sues to enforce its security interest in the Property, it is entitled to recover attorneys' fees. And these fees may be recovered against the Property upon any foreclosure sale.

## Recommendation

Plaintiff's Motion for Summary Judgment [Dkt. No. 38] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 19, 2021

-14-

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE